HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REGINALD DORSEY-HILL,

                Plaintiff,

       v.

TACOMA RESCUE MISSION,

                Defendant.

CASE NO. C15-5181 RBL

ORDER DENYING IFP

THIS MATTER is before the Court on Plaintiff Dorsey-Hill's Motion for Leave to proceed *in forma pauperis*. [Dkt. #1]  Dorsey-Hill claims that the Tacoma Rescue Mission (or one its employees, perhaps Mr. Zander) took wrongful possession of a $3544 social security check[1] issued to him.  He sued the TRM's executive director in small claims court and lost.  He now seeks to sue the Tacoma Rescue Mission for a variety of "crimes" related to cashing the stolen check: he asserts "federal" claims for "larceny," "receiving stolen property," "forgery,"

---

[1] It is not clear what actually happened, but the record includes *two* $3544 checks made out to Mr. Dorsey-Hill, both of which were apparently cashed, and a letter from the Social Security Administration seeking repayment of the overpayment.  Plaintiff apparently claims that someone took and cashed his first check; he obtained and cashed the replacement, and is now facing a claim for repayment. Dorsey-Hill apparently seeks to have the person who stole the first check re-pay that amount to the government.

1    "lettering a forged instrument," "obstruction of justice,"  and "corporate crime."  He also

2    apparently seeks repayment of $10,000.

3        A district court may permit indigent litigants to proceed *in forma pauperis* upon

4    completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  The court has broad

5    discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil

6    actions for damages should be sparingly granted."  *Weller v. Dickson*, 314 F.2d 598, 600 (9th

7    Cir. 1963), *cert. denied* 375 U.S. 845 (1963).  Moreover, a court should "deny leave to proceed

8    *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the

9    action is frivolous or without merit."  *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369

10   (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  An *in forma pauperis*

11   complaint is frivolous if "it ha[s] no arguable substance in law or fact."  *Id.* (citing *Rizzo v.*

12   *Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir.

13   1984).

14       A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it

15   must nevertheless contain factual assertions sufficient to support a facially plausible claim for

16   relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell*

17   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  A

18   claim for relief is facially plausible when "the plaintiff pleads factual content that allows the

19   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

20   *Iqbal*, 556 U.S. at 678.

21       Plaintiff's proposed complaint does not meet this standard.  First, he has not identified any

22   possible basis for this court's jurisdiction over this dispute.  He claims that the alleged theft is a

23   federal crime but he has cited no such federal statue, and instead has cited a variety of state law

24

precedents (many form other states). He has not asserted any cognizable federal civil claim; his

complaint is instead a sort of proposed *criminal* prosecution of the Tacoma Rescue  Mission. But

a private citizen may not prosecute crimes or enforce criminal statutes.  *See, e.g. Rockefeller v.*

*U.S. Court of Appeals Office for Tenth Circuit*, 248 F. Supp. 2d 17, 22 (D.D.C. 2003).

Nor has Dorsey-Hill claimed that his constitutional rights have been violated, or

identified a person who he claims violated them:

> Generally, under § 1983, a *person* can be sued for constitutional violations
> committed *under the color of state law*. A state and its agencies are not a person
> under § 1983.

*See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997).

In order to state a claim, Dorsey-Hill's proposed complaint must address these

shortcomings.  He must identify a valid basis for this court's **jurisdiction** over his claim

and the parties, and he must assert a valid **civil** claim against a viable **defendant**.

For these reasons, Dorsey-Hill's application to proceed *in forma pauperis* is

DENIED.  **Plaintiff shall pay the filing fee, or file a proposed amended complaint**

**addressing these deficiencies, within 21 days of this Order, or the matter will be**

**dismissed without further notice.**

IT IS SO ORDERED.

Dated this 16th day of April, 2015.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER DENYING IFP - 3